UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

        Petitioner,

v.                                  CIVIL ACTION NO. 05-CV-73868-DT
                                  HONORABLE DENISE PAGE HOOD

CAROL HOWES,

        Respondent.
        _____/

**OPINION AND ORDER DISMISSING PETITION**
**FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I.    Introduction**

        Petitioner, an inmate at the Florence Crane Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of two counts of third-degree criminal sexual conduct pursuant to a guilty plea in the Wayne County Circuit Court in 1998 and was sentenced to concurrent terms of six to fifteen years imprisonment. In his pleadings, Petitioner appears to challenge the voluntariness of his guilty plea, the accuracy of his pre-sentence report and his sentencing, and the denial of release on parole. This Court dismissed without prejudice Petitioner's previous habeas petition challenging the same conviction on the same grounds for failure to demonstrate complete exhaustion of state court remedies. The Court also denied several of Petitioner's post-judgment motions seeking reconsideration of the non-prejudicial dismissal. *See Smith v. Vasbinder*, Case No. 04-74577.

        In his current pleadings, Petitioner again asserts that he has attempted to pursue an appeal

of his convictions, as well as other post-conviction remedies, but that the state courts have not acted on his motions. Petitioner states that he has not received any responses to his motions and indicates that such matters are still pending before the state courts.

## II.     Discussion

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. His pleadings indicate that he has either not completed his appellate or post-conviction proceedings in the Michigan courts or that he has matters pending in the state courts. It is also unclear whether Petitioner has presented each of his habeas claims to the state courts for consideration. Petitioner has additional remedies in the Michigan courts which must be exhausted before seeking habeas relief in this Court.

Furthermore, to justify a waiver of the exhaustion requirement, Petitioner must demonstrate that he has made the appropriate filings in the state courts, that those filings were received and docketed, and that the filings have been unanswered for a lengthy period of time. Petitioner has not done so. Attached to Petitioner's original pleadings is some evidence indicating that he mailed materials to the state courts.[1] Petitioner provides 38 Disbursement

---

[1] Petitioner's Notice of Appeal [Case No. 04-74577, Docket No. 10, filed March 17, 2005].

Authorization forms and letters indicating that he mailed legal correspondence. Eighteen of these forms mention specific legal mailings. The specific legal mailings, recipients and the dates mailed are as follows:

| DATE SENT | TYPE OF MAILING | ADDRESSED TO |
| --- | --- | --- |
| 3/15/01 | 2 copies of Motion to correct pre-sentence report | no address provided |
| 3/15/01 | 2 copies of motion to correct pre-sentence report | no address provided |
| 4/22/02 | Letter Complaining for Motion to Correct PSI | Clerk of Court<br>3rd Circuit<br>1441 St. Antoine<br>Detroit, MI 48226 |
| 4/22/02 | Letter Complaining for Motion to Correct PSI | Clerk of Court<br>3rd Circuit<br>1441 St. Antoine<br>Detroit, MI 48226 |
| 4/19/02 | Legal Mail for Motion to Correct PSI | Wayne County Prosecutor<br>1441 St. Antoine<br>Detroit, MI 48226 |
| 9/2/03 | Transcripts motion | Chief Judge<br>Third Judicial Circuit Court<br>1441 St. Antoine<br>Detroit, MI 48226 |
| 1/30/04 | Motion to correct PSI, Probation violation | Harvey F. Tennen<br>Third Judicial Circuit Court<br>Frank Murphy Hall of Justice<br>1441 St. Antoine<br>Detroit, MI 48226 |
| 8/20/04 | Writ for superintending control | Clerk of the Court<br>Third Judicial Circuit Court<br>Harvey F. Tennen or successor judge<br>1441 St. Antoine<br>Detroit, MI 48226 |
| 8/20/04 | Motion for Relief from Judgment | copies were made |

3

| | | |
|---|---|---|
| 9/9/04 | Motion for Injunction | Hon. Deborah Servitto<br>Sixteenth Judicial Circuit Court<br>40 N. Main St.<br>Mt. Clemens, MI 48043 |
| 9/9/04 | Motion for Injunction | Wayne County Prosecutor's Office<br>Frank Murphy Hall of Justice<br>1441 St. Antoine<br>Detroit, M I 48826[2] |
| 9/10/04 | Motion to Withdraw Guilty Plea | Wayne County Prosecutor's Office<br>Detroit Recorder's Court<br>Frank Murphy Hall of Justice<br>1441 St. Antoine<br>Detroit, MI 48826[3] |
| 9/10/04 | Motion to Withdraw Guilty Plea | Clerk of the Court<br>Hon. Harvey F. Tennen<br>Detroit Recorder's Court<br>Frank Murphy Hall of Justice<br>1441 St. Antoine<br>Detroit, MI 48226 |
| 9/16/04 | Motion to amend pleading in motion to withdraw guilty plea | letter from court stating that motion was referred to Hon. Edward Ewell Jr. |
| 9/20/04 | Motion to Correct PSI | Clerk of the Court<br>Hon. Harvey F. Tennen<br>Frank Murphy Hall of Justice<br>1441 St. Antoine<br>Detroit, MI 48226 |
| 12/13/04 | Affidavit of State Remedies | Clerk of the Court<br>Sandra Schultz Mengel<br>Court of Appeals<br>109 W. MI Ave.<br>P.O. Box 30002<br>Lansing, MI 48909 |

---

[2] Incorrect zip code provided.

[3] Incorrect zip code provided.

| 12/13/04 | Affidavit of State Remedies | Corbin Davis<br>Clerk of the Court<br>Michigan Supreme Court<br>P.O. Box 30052<br>Lansing, MI 48909 |
|---|---|---|
| submitted on 12/10/04, no mail date | Affidavit of State Remedies | Clerk of the Court<br>Sandra Schulz Mengel<br>Court of Appeals<br>109 W. MI Ave<br>P.O. Box 30002<br>Lansing, MI 48404 |

The information provided by Petitioner, does not show that these filings were proper, received, and docketed, with the exception of two letters from the court. The first letter, dated March 12, 2004, states that the court had received Petitioner's request for information. The second letter, dated September 16, 2004, gives notice of the transfer of Petitioner's Motion to Amend Pleading in Motion to Withdraw Guilty Plea to another judge. Petitioner does not provide a docket sheet to show that the court received and docketed his mailings. Nor does Petitioner provide a docket sheet to show that there was no response to his pleadings. Petitioner has also not shown that properly-filed pleadings have been pending in the state courts for a lengthy period of time. The first mailing of a pleading, mailed on March 15, 2001, is identified as a Motion to Correct Presentence Report. However, there is no indication that this pleading was docketed or is pending. Petitioner's habeas petition is thus premature.

Federal habeas law provides that a habeas petitioner is only entitled to relief in federal court if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court

were to review the claims presented, such an action would deny the state courts the deference to which they are entitled under 28 U.S.C. § 2254. The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court for consideration. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

**III.     Conclusion**

For the reasons stated, this Court concludes that Petitioner has not established that he has fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.

**SO ORDERED**.

      /s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED:   November 30, 2005

I hereby certify that a copy of the foregoing document was served upon Derrick Smith, Reg. No. 267009-K-70, Florence Crane Correctional Facility, 38 Fourth St., Coldwater, MI 49036 on November 30, 2005, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager